## No. 10,717.

### P. R. Angelovich vs. His Creditors.

A mandate to represent creditors at a meeting of creditors in an insolvent proceeding, which authorizes the agent or proxy to vote for an extension of time; or that he vote for a settlement of the indebtedness in such manner as two-thirds in number and amount of the creditors may determine, or to vote for the sale of the assets surrendered for cash or on terms of credit, or "for such other matters as may come before the meeting of creditors as may benefit him, the insolvent, or the creditors, and as may be proper and necessary," will not authorize the vote for the discharge of the insolvent.

In order to discharge the insolvent there must be, in accordance with Article 2177 of the Civil Code, a vote of a majority of all the creditors, who are also creditors for more than half of the whole sum due by the insolvent.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*Aug. Bernau* for Appellant.

*James B. Guthrie* and *E. H. McCaleb* for Appellees.

The opinion of the court was delivered by

McENERY, J. The plaintiff, on January 11, 1890, filed his petition in the Civil District Court for the Parish of Orleans for a surrender of his property for the benefit of his creditors.

The cession of his property was accepted and a syndic appointed.

At a meeting of the creditors the insolvent was discharged from all his debts.

At this meeting the insolvent, under a power of attorney, voted for the discharge.

The bilan shows 102 creditors, and the schedule shows debts aggregating $28,117. At the meeting of the creditors there were fifty-four votes, the insolvent voting by proxy for forty-six creditors, representing an indebtedness of $4617.58. The fifty-four creditors voting represented $12,169.12, less than one-half of the amount of the debts shown by the schedule. Dean & Co. and A. M. & J. Solari opposed the homologation of the meeting of creditors.

The ground of this opposition is that the votes cast by the insolvent, discharging himself from debt, were illegal, as the power of attorney under which he acted gave no such authority.

The power of attorney is as follows:

" We, the undersigned creditors of Peter R. Angelovich, insolvent, do hereby authorize the said Peter R. Angelovich, to himself, or by substitution, represent us at the meeting of his creditors, to be held before Ferdinand Kirchner, notary public, on February 15, 1890, or at any subsequent meetings, to, in our name and behalf, vote that nine, eighteen and twenty-four months be given him within which to pay his debts in full in equal instalments, or if all the creditors do not agree thereto, that he vote for a settlement of his indebtedness to his creditors in such manner as two-thirds in number and amount of his creditors may determine, or to vote for the election of a syndic for the sale of the assets surrendered for cash or on terms of credit, for such other matters as may come up before said meeting of the creditors as may benefit him or the creditors, and as may be proper and necessary."

It is very plain that the above instrument only authorized the insolvent to vote for a certain time in which his debts should be paid in full, and for a general settlement of his debts with his creditors for his and their benefit. There is nothing said about the discharge of the debtor, and from the context of the power of attorney, it is evident that this was excluded and was never contemplated by the creditors who executed it.

Conceding that these votes were legally cast, there is still wanting a majority of creditors in number, and who are also creditors for more than the half of the whole sum due by the insolvent. Civil Code, Article 2177.

The insolvent urges that Article 2177 Civil Code should have the same interpretation placed upon it as has been given to Article 3086, in 33 An. 1155, and 36 An. 760. This last article was amended by Act No. 83 of 1843, now Section 1822 Revised Statutes. Article 2177 was not in any way affected by said act.

The two articles of the Code, 3086 and 2177, relate to subjects distinct from each other—the one, 3086, has reference to the respite to be granted to debtors, and not to the absolute discharge of the debtor, and the other article, 2177, to his absolute discharge from the debts appearing on his schedule. It is very plain that the creditors cannot have their debts cancelled, except on a strict compliance with the law, and with their consent made manifest by their participation in the proceedings, and expressed by a majority of the creditors in amount, who are also creditors for more than half of the whole sum due by the insolvent.

There is no question raised as to the appointment of a syndic. The judge a quo maintained the opposition so far as to order another meeting of creditors, to which the dischage of the insolvent should be referred.

Under the circumstances of the case, we do not think he erred in thus giving an opportunity for further proceedings in relation to the discharge of the insolvent.

Judgment affirmed.